Case 4:22-cv-02121   Document 96   Filed on 08/28/23 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
August 28, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| **FERNANDO YATES,** § | |
| § | |
| **Plaintiff,** § | |
| VS. § | CIVIL ACTION NO. 4:22-CV-2121 |
| § | |
| **SPRING INDEPENDENT SCHOOL** § | |
| **DISTRICT,** § | |
| § | |
| **Defendant.** § | |

## ORDER

Pending before the Court are Fernando Yates' ("Yates" or "Plaintiff") seven motions to compel. (Doc. Nos. 30, 34, 42, 43, 46, 61, and 63). Defendant Spring Independent School District ("Spring ISD" or "Defendant") responded to Plaintiff's motions. (Doc. Nos. 40, 51, 52, 56, and 66). Plaintiff also filed a Motion for Sanctions for Spoliation of Evidence. (Doc. No. 50). Defendant filed a Response (Doc. No. 50), and Plaintiff filed a Reply. (Doc. No. 62). Having considered the motions and responses, the Court denies six of Plaintiff's motions to compel (Doc. Nos. 30, 34, 42, 43, 46, 61) and his motion for sanctions (Doc. No. 50). The Court grants in part and denies in part one motion to compel. (Doc. No. 63).

### Legal Standard

A party seeking discovery may move for an order compelling production against another party when the latter has failed to produce documents requested. Fed. R. Civ. P. 37(a). The party resisting discovery must show specifically how each discovery request is not relevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990). At the discovery stage, courts traditionally construe "relevance" broadly, stating that

information is relevant if it "encompass[es] any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Id.*

While district courts are customarily accorded wide discretion in handling discovery matters, a ruling that "fail[s] to adhere to the liberal spirit of the Rules" or that "results in fundamental unfairness at trial" will not be upheld. *Coughlin*, 946 F.2d at 1159.

### Discussion

As mentioned, Plaintiff filed seven motions to compel (Doc. Nos. 30, 34, 42, 43, 46, 61, and 63) and a Motion for Sanctions. (Doc. No. 50). Under the Local Rules, a party moving for an order compelling disclosure or discovery must confer in good faith with thee opposing party before filing a motion. Fed. R. Civ. P. 37(a)(1); Local R. 7.1(D). Although Plaintiff's conduct specifically violates the Federal Rules of Civil Procedure and the Court's Local Rules, considering Plaintiff's *pro se* status, the Court will discuss each motion. The Court, however, will not tolerate this conduct in the future. Both parties have a duty to familiarize themselves with and follow the Federal Rules of Civil Procedure and the Court's Local Rules.

1. Motions to Compel (Doc. No. 30, 34)

Plaintiff's first and second motions to compel (Doc. Nos. 30 and 34) are identical. In those motions, Plaintiff complains of Defendant's failure to produce observations and e-mails of a "Mathematics Instructional Specialist." (Doc. No. 30). Defendant replies, arguing that it has responded to Plaintiff's requests and it "provided Plaintiff with the written observations, including emails, responsive to Plaintiff's Request for Production." (Doc. No. 40 at 4). Additionally, Defendant argues that Plaintiff's motion seeks to compel information that he never requested. In particular, Plaintiff requests in his motion "observations and e-mails of Mathematics Instructional Specialists," but in his Request for Production he only asked for "written observations of Mrs.

2

Waterman sent to Plaintiff (Including emails)" and "written observations of Mrs. Arenal sent to Plaintiff (Including e-mails)."

As such, Plaintiff's first motion to compel (Doc. No. 30) is denied without prejudice.

2. Motion to Compel (Doc. No. 42)

In Plaintiff's third motion to compel, Plaintiff seeks an e-mail from "Mrs. Scott, Spring Leadership Academy, academic advisor [who] visited Plaintiff classroom." (Doc. No. 42 at 1). In its Response, Defendant explains that it has produced all responsive documents. Defendant refers the Court, and Plaintiff, to specific Bates numbers that correspond with Plaintiff's requests.

The Court cannot compel the Defendant to produce a document that does not exist nor will it compel a party to produce a document it has already produced. If there is a specific document Plaintiff believes is missing, he can request the Defendant to produce the document. His motion to compel Mrs. Scott's e-mail is denied without prejudice.

3. Motion to Compel (Doc. No. 43)

Plaintiff's next motion to compel alleges that Defendant "has been withholding relevant evidence" and requests a forensic examination of digital devices. (Including cell phones and computers)." (Doc. No. 43 at 1).

Courts permit forensic examinations under limited circumstances. In order to receive a court order for a forensic examination, the moving party must show the need and inability to obtain relevant information by more conventional methods. *Lewis v. Archer Daniels Midland Co.*, 2018 WL 6591999, at *2 (E.D. La. 2018) (holding "a very tailored examination is appropriate"). Importantly, a moving party must show that the responding party has defaulted in its obligation to produce the requested data and search its records." Here, Plaintiff does not identify what

3

information he seeks, why he thinks it exists, or why it cannot be discovered through traditional means.

Accordingly, his request for a forensic examination is not specific enough. Plaintiff's very broad motion to compel a forensic examination is denied.

4. Motion to Compel (Doc. No. 46)

Plaintiff filed a Motion to compel asserting that Defendant: (1) "failed to produce the classroom observation on August 19, 2021, by academic advisor Mrs. Megan Scott" and (2) "failed to produce Digital Literacy Coach Julia Sanders, Bailey Middle School, classroom observations, including Lesson Plans feedback to Plaintiff." (Doc. No. 46 at 1). Additionally, Plaintiff complains that "Defendant refused several times to produce the Math Coach Sherise Waterman (sic) of Plaintiff's job performance." (Doc. No. 46 at 2).

Concerning the e-mails from Scott, Defendant, again, pointed the Court, and Plaintiff, to the Bates-label where the email from Scott can be found. The Court cannot compel the Defendant to produce a document that does not exist. If there is a specific document Plaintiff believes is missing, he can request the Defendant to produce the document.

As to Sander's observations, it appears that Plaintiff never requested such documents until filing the motion to compel. That being the case, the Court will not compel Defendant to turnover such documents.

Lastly, Plaintiff requested a copy of "Mrs. Meagan and Mrs. Waterman Fernando Yates classrooms observations." (Doc. No. 56-2). As was the case with Sander's observations, Plaintiff never requested production of Waterman's observations. Nevertheless, Defendant produced the documents containing the Waterman observations.

This motion to compel is also denied. (Doc. No. 46).

4

5. Motion to Compel (Doc. No. 61)

Plaintiff's next motion to compel addresses four requests for production that Defendant objected to. In particular, the motion address four requests: (1) "ALL DOCUMENTS PERTAINING ANY COMPLAINTS OF STUDENTS OR PARENTS PREVIOUSLY DISCUSSED WITH PLAINTIFF INDICATING: 'INAPPROPRIATE DISCIPLINE OF MULTIPLE STUDENTS WITH STUDENTS AND UNPROFESSIONAL CONDUCT WITH STUDENTS OR PARENTS THAT ATTEND BAILEY MIDDLE SCHOOL, PRIOR TO THE OCTOBER 26, 2022, SPRING INDEPENDENT SCHOOL DISTRICT LETTER FROM MRS. JULIE HILL, CHIEF OF HUMAN RESOURCES. (Plaintiff has been suspended for more than ten weeks);" (2) "All documents and graphs indicating: Number of fights at Bailey Middle School from the beginning of the year to date;" (3) "All documents and graphs indicating: Reports of any incidents between parents and teachers including incidents in the parking lot;" and (4) "Numbers of complaints of students and parents against teachers from the beginning of the year to date." (Doc. No. 61). The Court will address the validity of each request for production.

Starting with the first request, Defendant objected to the request as vague, overbroad, and unduly burdensome. (Doc. No. 66-1 at 2). While the Court agrees that the request is vague, given Plaintiff's *pro se* status, the Court grants Plaintiff's Motion to Compel. Defendant is ordered to produce any documents pertaining to any complaints of students or parents that have to do with Plaintiff.

The second request for production concerns "[d]ocuments and graphs indicting [the] number of fights at Bailey Middle School." (Doc. No. 61). Such information is not relevant to the lawsuit at hand, which deals with alleged retaliation against Plaintiff. The Motion to Compel is

5

denied as it concerns documents and graphs indicating the number of fights at Bailey Middle School.

The third request or production concerns "documents and graphs related to incidents between parents and teachers." (Doc. No. 61). This information is likewise not relevant to the case at hand. Thus, the Motion to Compel is denied.

Lastly, the fourth request asked Defendant to produce the number of complaints of students and parents against teachers from the beginning of the year to date. (Doc. No. 61). Information from 2022 is not relevant in determining whether the Defendant discriminated on the basis of a protected trait when it reassigned Plaintiff in September 2021. For that reason, this evidence is irrelevant, and the Motion to Compel complaints of students and parents against teachers is denied.

Accordingly, the Motion to Compel (Doc. No. 61) is granted in part and denied in part.

6. Motion to Compel (Doc. No. 63)

In Plaintiff's last motion to compel he requests the Defendant to produce the following documents: (1) "all documents pertaining to Fernando Yates 1st Checkpoint of his 8th grade students, or any state or district assessment compared to other schools within the district, in the school year 2021-2022" and (2) "all document pertaining to Fernando Yates 2nd Check-point of his 7th grade students, or any state or district assessment compared to other schools within the district, in the school year 2021-2022." (Doc. No. 63 at 1). Defendant did not respond to the motion.

Although there is no indication that Plaintiff directly requested these documents from Defendant, the Court grants Plaintiff's motion. (Doc. No. 63). The Court orders Defendant to produce all such documents pertaining to the Plaintiff.

7. Motion for Sanctions (Doc. No. 50)

Lastly, the Court will consider Plaintiff's Motion for Sanctions. (Doc. No. 50). Rule 37(b)(2)(A) allows a court to impose a sanction when a party fails to comply with a discovery order, and the court has broad discretion in fashioning its sanction when it does so. *See Smith & Fuller, P.A. v. Cooper Tire & Rubber Co.*, 685 F.3d 486, 488 (5th Cir. 2012). At this point in time Defendant has not failed to comply with any discovery order. Additionally, it appears that Defendant has responded to each and every one of Plaintiff's discovery requests.

The Court denies Plaintiff's Motion for Sanctions. (Doc. No. 50).

## Conclusion

For the aforementioned reasons, the Court denies six of Plaintiff's motions to compel (Doc. Nos. 30, 34, 42, 43, 46, 61) and his motion for sanctions (Doc. No. 50). The Court does, however, grant in part and deny in part one of Plaintiff's motions to compel. (Doc. No. 63).

Signed this 28th day of August, 2023.

Andrew S. Hanen
United States District Judge